## WOOLSEY *et al.* v. NELSON *et al.*

No. 5904. Opinion Filed June 9, 1914.

(141 Pac. 436.)

1. **SCHOOLS AND SCHOOL DISTRICTS—Division of County into Districts—Right of Appeal.** Section 7701, Rev. Laws 1910, relating to division of counties into school districts, etc., provides for the laying off of counties into school districts in the first in-stance, and for changing such districts when the interests of the people may require it, by making them conform to existing topo-graphical or physical conditions, and provides for an appeal from the action of the county superintendent to the board of county commissioners, and that their decision shall be final. Held, that said section does not authorize the county superintendent to wholly dissolve any district by incorporating two or more of said dis-tricts into a consolidated school district, and that the acts of the county superintendent are in their nature political, and no ap-peal lies from the action of the board of county commissioners to the district court.

2. **SAME.** Sections 7780 and 7781, Rev. Laws 1910, should be read and construed together. Said sections authorize the county super-intendent to form school districts from one or more districts

Woolsey et al. v. Nelson et al.

possessing the schoolhouse or other property and to determine equitably the proportion of the present value of such schoolhouse or other property due the new district, and provide that from such formation and alteration of, or refusal to form or alter, school districts any person or persons who feel aggrieved may appeal to the board of county commissioners; and said sections provide, further, that an appeal may be taken by either party or any person residing in the school district affected by such formation or alteration to the district court of the county. Held, that the acts authorized by these two sections, considered together, are in their nature quasi judicial, and that upon an appeal from the action of the county commissioners to the district court the district court has jurisdiction to try said matter de novo.

3.   SAME—Proceedings—Demurrer to the Evidence.   Evidence examined and found to be insufficient to entitle petitioners to the relief prayed for; and held that the court committed no error in sustaining a demurrer to the evidence introduced by petitioners in the trial of said cause de novo in said court.

(Syllabus by the Court.)

*Error from District Court, Kay County;*
*W. M. Bowles, Judge.*

A. B. Woolsey and others petitioned the county superintendent to change the boundaries of a school district, and, from a judgment against the petitioners by the district court to which the matter was taken on appeal by James Nelson and others from the action of the county commissioners sustaining an alteration of the district by the county superintendent, petitioners bring error.   Affirmed.

*J. F. King,* for plaintiffs in error.

*G. A. Chappell,* for defendants in error.

RIDDLE, J.   On June 26, 1909, common school districts Nos. 49, 50, and 51, of Kay county, were reorganized and consolidated into school district No. 1.   Thereafter a petition was filed with the county superintendent, requesting that he change the boundaries of said consolidated school district so as to exclude therefrom territory formerly composing school district No. 51, and form such territory into a separate school district.   Certain parties, feeling aggrieved by the action of the county superintendent, secured a temporary injunction in the district court of Kay county, which injunction was afterwards by the court

dissolved. A petition in error was prosecuted from the order of the trial court, dissolving the temporary injunction, and this court affirmed the judgment. *Evinger v. Duke, ante,* 130 Pac. 147. On April 10, 1913, the county superintendent, after due notice, heard the petition to change the boundaries of said district and granted the relief requested. On April 21, 1913, an appeal was prosecuted from the action of the county superintendent to the board of county commissioners by certain parties residing in the territory included in consolidated district No. 1. Such petition was signed by approximately one-half of the taxpayers and voters in said consolidated school district No. 1; and notice of said appeal was filed with the county superintendent in the manner provided by law. On the 6th day of May, 1913, the board of county commissioners heard the matter and sustained the county superintendent and ordered the alteration of said consolidated school district No. 1 in accordance with the petition. On the 8th day of May, 1913, notice of appeal was filed with the county clerk by Wm. Aupperle, James Nelson, Elmer Gabriel, and Fred Lauson, appealing from the action of the board of county commissioners to the district court. Said appeal was prosecuted within the time and in the manner provided by law. Said cause was tried by the court *de novo,* and judgment rendered against the petitioners, which had the effect to reverse and set aside the order of the county commissioners, as well as that made by the county superintendent. Motion for new trial was filed within the time provided by law, overruled, exceptions taken, and the cause is now before this court upon petition in error with original case-made attached, whereby plaintiffs in error seek to reverse the judgment of the trial court. Plaintiffs in error set out in their petition the following assignments:

"(1) The court erred in overruling the motion of plaintiffs in error to dismiss the appeal. (2) The court had no jurisdiction of the subject-matter of said cause, or of said appeal, and erred in hearing and determining the same. (3) The court erred in sustaining the demurrer of defendants in error to the evidence of these plaintiffs in error. (4) The court erred in refusing to weigh or consider the evidence of these plaintiffs in error. (5) The court erred in overruling the mo-

tion of plaintiffs in error for a new trial.    (6) Error of law occurring at the trial and excepted to by plaintiffs in error."

These various assignments raise only two propositions for our consideration: First, did the district court have jurisdiction to hear and determine said matter upon an appeal from the action of the county commissioners? Second, did the court commit prejudicial error in sustaining the demurrer to the evidence of plaintiffs in error? The first question raised involves the construction of sections 7701, 7780, and 7781, Rev. Laws 1910, which sections are as follows:

"Sec. 7701. It shall be the duty of the county superintendent of public instruction to divide the county into a convenient number of school districts and to change such districts when the interests of the people may require it, by making them conform to existing topographical or physical conditions; but only after twenty days' notice thereof, by written notice posted in at least five public places in the district or districts so affected; but no district shall be formed containing less than eight persons of school age, and no district having a bonded indebtedness shall be so changed that such indebtedness shall exceed four per cent. of the assessed property valuation of such district: Provided, that no district shall be changed under the provisions of this section, except upon a petition to the county superintendent, signed by at least one-third of the qualified electors of the territory desiring to be changed; provided, further, that one-fourth of the qualified electors of any district affected by such change may join in an appeal to the board of county commissioners from the action of the county superintendent, and the decision of the county commissioners shall be final; provided, that notice of such appeal shall be served on the county superintendent within ten days after the time of posting the formation or alteration of such district. Such notice shall be in writing and shall state fully the objections to the action of the county superintendent, a copy of which shall be filed with the county clerk and also with the clerks of all the districts affected by such alteration; and such appeal shall be heard and decided by a majority of the board of county commissioners at their next regular meeting, and, if such appeal is not sustained by them, the county superintendent shall proceed to appoint the time and place for said first district meeting, which shall then proceed as by law required. Such superintendent shall number school districts when they are formed, and

he shall keep in a book for that purpose, a description of the boundaries of each school district and part of district in his county with a plat of same, date of organization, date and full record of all changes of boundaries, and a list of district officers in his county, the date of election or appointment and the time the term of each is to expire."

"Sec. 7780. When a new district is formed in whole or in part from one or more districts possessing a schoolhouse or other property, the county superintendent, at the time of forming such new district, shall equitably determine the proportion of the present value of such schoolhouse or other property justly due to said new district. Such proportion, when ascertained, shall be levied by the district board of the district retaining the schoolhouse or other property upon the taxable property of the district, and shall be collected in the same manner as if the same had been authorized by a vote of the district for building a schoolhouse, and when collected, shall be paid to the treasurer of the new district, to be applied towards procuring a schoolhouse for such district.

"Sec. 7781. If, in the formation or alteration of, or refusal to form or alter school districts, any person or persons shall feel aggrieved, such person or persons may appeal to the board of county commissioners: Provided, that notice of such appeal shall be served on the county superintendent within ten days of the time of posting of the notices of the formation or alteration of such district. Such notice shall be in writing, and shall state fully the objections to the actions of the county superintendent, a copy of which shall be filed with the county clerk, and also with the clerks of all districts affected by such alteration. Such appeal shall be heard and decided by the majority of the board of county commissioners at their next regular meeting, and if such appeal is not sustained by them, the county superintendent shall proceed to appoint the time and place for said first district meeting, which shall then proceed as by law required: Provided, that either party, or any person residing in the school district affected by such formation or alteration, may appeal from the finding of the board of county commissioners to the district court of the county, by filing with the county clerk, within ten days from the action of the board of county commissioners, a notice of appeal. The county clerk shall thereupon make a certified transcript of the proceedings had before the county commissioners, and shall, within twenty days from the filing of said notice of appeal, deliver or transmit to the clerk of the district [court] of his county the said tran-

script and all of the papers in said case. All further proceedings by the county superintendent shall cease and be stayed upon the filing of said notice of appeal with the county clerk, and like proceedings shall be had in the district court as are provided by law for the hearing and trial of appeals from the judgment of a justice of the peace."

It is the contention of plaintiffs in error that the procedure resulting in the action taken by the county superintendent was had under section 7701, *supra,* and that under said section an appeal to the district court was not permissible. Defendants in error contend, however, that the procedure followed by the county superintendent and the law applicable thereto is contained in sections 7780 and 7781, *supra,* and hence an appeal to the district court was specifically provided for. Both parties agree that there is no inconsistency in the three sections of the statute above quoted. Plaintiffs in error contend, however, that section 7701 is in its nature a special statute, adapted peculiarly to the condition existing as shown from the facts and record, and that it, being a special statute, if applicable, would take precedence over the other two sections quoted, and that such statute is exclusive, and, inasmuch as it specifically provides that the action of the county commissioners shall be final, no appeal can be taken to the district court; and that the attempted appeal was without force and effect; that it did not confer jurisdiction on the district court to hear and determine said matter. The universal rule in construing statutes is that each sentence and every part of a statute must be given effect, if possible, and that only when any provisions of the statute are in irreconcilable conflict will that part of the statute be held to be repealed by implication. From a casual reading of the section of the statute under consideration, it would appear that there might be material conflict, but upon a more careful reading and analysis we find that section 7701, *supra,* refers to a different condition from sections 7780 and 7781. Section 7701 provides for a division of a county in the first instance into a convenient number of school districts, and to change such districts when the interests of the people may require it by making them conform to topographical or physical conditions. The action authorized to be taken by the county

superintendent under this section is political in its nature. He is not authorized to totally destroy or eliminate old districts and incorporate them into new school districts as is provided for in section 7780. The things authorized to be done by the county superintendent under section 7701 would not necessarily disturb or affect property rights, and hence the Legislature provided that the action of the board of county commissioners should be final. Section 7781, however, gives the county superintendent much more authority; and it appears that he may act upon his own initiative in the division of counties, or upon petition filed by parties who are interested. The duties conferred upon him under sections 7780 and 7781 are in their nature quasi judicial. Many thousand dollars' worth of property may be involved, and materially affected, and not only injured materially, but practically destroyed, and yet his acts may be within the limits of the authority granted. It will be seen by considering sections 7780 and 7781 together that the districts to be dealt with are supposed to be possessed of property rights, including schoolhouses and other property; and it is provided that the county superintendent shall equitably determine the proportion of the present value of such schoolhouses or other property due to said new district. It is provided that either party or any person residing in the school district affected by such formation or alteration may appeal from the finding of the board of county commissioners to the district court of the county; evidently meaning by the words "either party," the school district on one side, and those who initiated the movement by filing a petition on the other. Or, if neither of these parties desires to appeal from the action of the county commissioners, it is further provided that "any person" residing in the school district affected by such formation or alteration may appeal. We therefore conclude that the authority of the county superintendent, under section 7701, is limited to acts in the formation of districts in the first instance, or in simply changing the boundary lines of the district thereafter; but that he is not authorized under said section to wholly dissolve any district, or to form a new district by consolidating two or more districts into one; and that under said section there is no appeal from the

action of the board of county commissioners upon an appeal to them from the action of the county superintendent. But, under sections 7780 and 7781, *supra,* authority is conferred upon the county superintendent to not only change the boundary lines, but to alter any district upon his own initiative, or upon petition properly presented to dissolve any of the old districts and consolidate two or more districts into one district, and to determine the proportion of the value of each schoolhouse or other property situated in or owned by any district or districts, making an equitable division thereof; and that his acts in such manner are in their nature quasi judicial; that, by the plain provisions of section 7781, an appeal is permitted from the action of the county commissioners to the district court, the same to be tried and disposed of therein in the same manner as an appeal from a judgment of a justice of the peace. We are therefore of the opinion that the procedure followed by the county superintendent and his acts in the matter complained of were in pursuance of sections 7780 and 7781, *supra,* and the district court had jurisdiction on appeal to hear and determine same.

The trial court held that the burden was upon the petitioners, plaintiffs in error here, to sustain their contention under the petition filed to have said consolidated district divided, and, upon conclusion of the evidence offered by said petitioners, the court sustained a demurrer thereto. It is contended by plaintiffs in error that the action of the court in sustaining the demurrer was prejudicial. We have carefully examined the evidence set out in the record and briefs of plaintiffs in error, and, while there are matters that might appeal to the discretion of the court or to the judgment of the county superintendent, yet we are not prepared to say that the trial court committed error in sustaining the demurrer. We agree with the trial court that such facts do not, as a matter of law, entitle the petitioners to the relief sought.

Finding no prejudicial error in the proceedings had and judgment rendered, the judgment of the trial court is, in all things, affirmed.

All the Justices concur.