CLEAL *et al.* v. HIGGINBOTHAM *et al.*

No. 6738.    Opinion Filed November 16, 1915.

(153 Pac. 64.)

1.    **APPEAL AND ERROR—Right of Appeal—Existence.** The right of appeal exists only where expressly given by constitutional or legislative enactment. and cannot be extended to cases which do not come within the statute.

2.    **SCHOOLS AND SCHOOL DISTRICTS—Creation of Consolidated School District—Right of Appeal.** There is no constitutional provision or legislative enactment which provides for an appeal, either from the action of the county superintendent of public instruction to the board of county commissioners, or from the board of county commissioners to the district court, for the purpose of reviewing the action of the people themselves and the county superintendent in creating a consolidated school district, pursuant to section 1, art. 7, c. 219, Session Laws ·1913.

(Syllabus by the Court.)

*Error from District Court, Alfalfa County;*
*James W. Steen, Judge.*

Proceedings by Lester Cleal and others against J. W. Higginbotham and others, on appeal from action of Board of County Commissioners of Alfalfa County approving the creation of a consolidated school district. The appeal was dismissed, and plaintiffs bring error. Affirmed.

*Titus & Talbot,* for plaintiffs in error.

*A. C. Beeman,* for defendants in error.

KANE, C. J. This proceeding in error was instituted for the purpose of reviewing the action of the district court of Alfalfa county, dismissing an appeal from the action of the board of county commissioners of said county, which affirmed the action of the people and the county superintendent of public instruction in creating a consolidated school district, pursuant to section 1, article

7, chapter 219, Session Laws 1913. The contention of the plaintiffs in error is that such an appeal is provided for by section 7781, Rev. Laws 1910. The defendants in error contend that section 7781, *supra,* was repealed by implication by chapter 219, *supra,* Session Laws 1913, which, they say, prescribes a complete system of laws for the government of the common schools of Oklahoma, and that, even if it was not repealed by implication, it has no application to the situation above outlined. We are of the opinion that the latter contention is well taken.

Counsel for plaintiffs in error rely upon *Woolsey et al. v. Nelson et al.,* 43 Okla. 97, 141 Pac. 436, and *State ex rel. West, Atty. Gen., v. Balzar,* 43 Okla. 200, 141 Pac. 777, to support their contention. We do not believe that either of these cases is in point. The former involved the action of the county superintendent in changing the boundary of a certain consolidated school district, so as to exclude therefrom the territory formerly composing district No. 51, and forming such territory into a separate school district; and in the latter case there was involved the question whether the county superintendent can divide a consolidated school district into two or more school districts, and whether an appeal lies from such action of said county superintendent to the board of county commissioners and from thence to the district court. The court answered each of these propositions in the affirmative, and also held that the right of appeal existed. However, in these cases, the county superintendent was acting pursuant to the power vested in him by virtue of section 7701, Rev. Laws 1910, in one case, and section 1 of chapter 107, Session Laws 1910, in the other case. These two sections, enacted by different Legislatures, are practically the same in effect,

and both correspond with the provisions of section 11, art. 2, c. 219, Session Laws 1913, the law in force when the consolidated school district herein involved was created. Each of these sections confers power upon the county superintendent of public instruction to divide the county into a convenient number of school districts and to change such districts when the interest of the people may require it, etc. Assuming, as the court seems to have held in the cases cited, that this section as re-enacted still empowers the county superintendent of public instruction to dissolve a consolidated district created by a vote of the people, pursuant to section 1 of chapter 219, *supra,* then it would follow as a matter of course that by virtue of section 7781, *supra,* if still in force, an appeal would lie from the action of the county superintendent of public instruction to the board of county commissioners, and from the board of county commissioners to the district court. But this would be an entirely different proposition from holding that section 7781, *supra,* provides for an appeal, either from the action of the county superintendent to the board of county commissioners, or from the board of county commissioners to the district court, from the action of the people themselves, in creating a consolidated school district, pursuant to section 1, art. 7, c. 219, of the Session Laws of 1913, *supra.* We are unable to find where this court has ever so held; certainly it has not in the cases cited.

The rule is that the right of appeal exists only where expressly given by constitutional or legislative enactment, and cannot be extended to cases which do not come within the statute. *Brown v. Hallaway's Estate,* 47 Colo. 461, 108 Pac. 25; *Ex Parte Sharp,* 15 Idaho, 120, 96 Pac. 563, 18 L. R. A. (N. S.) 886; *State v. District Court,* 38 Mont.

119, 99 Pac. 139; *Garcia v. Free*, 31 Utah, 389, 88 Pac. 30.; *State v. Chittenden*, 127 Wis. 468, 107 N. W. 500. As there is no constitutional provision granting the right of appeal from the action of the people creating a consolidated school district, and article 7 of chapter 219, Session Laws 1913, entitled "Consolidated Districts," which seems to fully cover that subject, does not provide for one, we must conclude that no appeal lies, and that the action of the people in the premises is final.

Finding no reversible error in the record, the judgment of the court below is affirmed.

All the Justices concur.