## KING et al. v. STATE ex rel. O'REILLY, Co. Atty., et al.

No. 11484—Opinion Filed Sept. 13, 1921.

Rehearing Denied Nov. 8, 1921.

(Syllabus.)

1. **Quo Warranto — Right to Remedy — Legality of Consolidation of School Districts.**

Article 7, ch. 219, Session Laws 1913, authorizes the county superintendent to call a meeting of the voters of two or more adjacent districts to determine whether such districts shall consolidate, when petitioned by one-half of the legal voters residing in each district. Held, the filing of petitions signed by the number of qualified persons as prescribed by statute, is a condition precedent to the calling of the meeting. Held, further, after the sufficiency of the petition has been determined by the county superintendent and the call issued for such meeting, and a majority of those present vote in favor of consolidation and the consolidated district is organized, in all other respects according to law, in the absence of fraud, the question of whether the petitions were signed by the proper number of qualified persons cannot be inquired into in a quo warranto proceeding.

2. **Schools and School Districts—Consolidation of Districts—Appeal—Statute.**

Section 8, art. 7, ch. 219, Session Laws 1913, and section 7781, Rev. Laws 1910, authorize an appeal from the action of the county superintendent in calling an election for a consolidation of certain dis-

tricts, and provide for an appeal from the order of the county superintendent organizing said district.

Error from District Court, McIntosh County; Mark L. Bozarth, Judge

Quo warranto by the State, on the relation of E. I. O'Reilly, County Attorney of McIntosh county, against June B. King et al., officers of consolidated school district No. 1. Judgment for relator and respondents King and Prater bring error. Reversed and remanded.

E. J. Van Court, for plaintiff in error.

E. I. O'Reilly, for defendant in error.

McNEILL, J. This is an action in the nature of quo warranto brought in the name of the state, upon relation of the county attorney of McIntosh county, against the officers of consolidated school district No. 1 to test the validity of the organization of consolidated school district No. 1, and to cancel the bonds issued by said district.

The material facts may be summarized as follows: In the month of March, 1919, there was filed with the county superintendent of said county, from school districts Nos. 24, 45, 29, 63, 30, and part of No. 25, petitions purporting to be signed by more than 50 per cent. of the voters of each district requesting the county superintendent to call an election to permit the voters to vote upon the question of whether the districts should be consolidated. After the petitions were filed with the county superintendent she issued a call for an election or meeting of the voters of the various districts as provided for by law for the 1st day of April, 1919, and at said meeting there were 229 votes cast in favor of consolidation and 22 votes against.

On the 2nd day of April, 1919, the county superintendent issued an order declaring the old districts disorganized and the consolidated district organized.

This case was referred to a referee, who made certain findings of fact and conclusions of law, and the court approved the report of the referee, and made an order disorganizing said consolidated district for the reason the petition filed with the county superintendent from school district No. 63 was not signed by 50 per cent. of the voters of said district. From said judgment an appeal has been prosecuted to this court.

For reversal there are numerous assignments of error, but the case in its final analysis depends upon whether the finding of the county superintendent that the petition from school district No. 63 was signed by 50 per cent. of the legal voters of said school district can be collaterally attacked in a quo warranto proceeding, in the absence of fraud. This court has never passed upon this identical question, nor have we been able to find where it has ever been presented to this court.

The general rule, however, is stated in 15 Cyc. 319, as follows:

"The presentation of such petition is a condition precedent to holding an election and it must be signed by the number of qualified persons prescribed by the statute, otherwise the election will be void."

This court in several cases has announced this general principle of law, to wit: School District No. 44 v. Turner, 13 Okla. 71, 73 Pac. 952; Cleveland v. School District No. 79, 51 Okla. 69, 151 Pac. 511. But in these cases there was no issue as to whether, if a petition was presented and the county superintendent found it contained the number of qualified persons prescribed by statute, said question would be subject to be reviewed in a collateral proceeding.

The facts in this case come within the exception to the general rule, which is stated in 15 Cyc. 320, as follows:

"But after the sufficiency of the petition has been passed upon by the proper authority, and the order has been made, the decision is not open to collateral attack, especially where an election has been held under the order and in other respects according to law."

The same rule is stated in 20 C. J. 95, as follows:

"Where the officer with whom it is filed has authority to hear and determine the sufficiency and validity, his decision thereon is final, unless such decision has been fraudulently or corruptly made or procured or unless he has been guilty of abuse of discretion."

The case supporting this proposition is Ryan v. Varga, 37 Iowa, 78, where the court stated as follows:

"After township trustees have passed upon the sufficiency of a petition presented to them, calling for an election to decide the question of levying a tax in aid of the construction of a railroad, and the election has been ordered, and tax voted and levied, the validity of such tax cannot be assailed on the ground that the petition was not signed by one third of the resident taxpayers.

"The trustees having jurisdiction to determine that question, their decision can-

not be collaterally assailed, but like any other judicial determination remains conclusive until reversed or set aside by writ of error, certiorari, or other direct proceeding provided by law."

This decision has been followed and cited by the Supreme Court of Iowa in a long line of cases, being cited and approved in the case of State ex rel. Ondler v. Rowe (Iowa) 175 N. W. 32, wherein the court stated as follows:

"Where jurisdiction to call an election on the question of formation of a consolidated school district has attached, subsequent mistakes and irregularities in the manner and method of the call made and election held does not oust the jurisdiction, and errors so committed are to be corrected by appeal if provided for, and not by quo warranto."

In the case of State v. Mackin, 51 Mo. App. 299, the court stated as follows:

"Where a tribunal, though inferior, or a ministerial board, is requested to find the existence of a fact in pais in order to warrant it to do what it does, it will not be presumed to overthrow its jurisdiction in the silence of the record, that the fact did not exist, but that it did exist, until the contrary is made to appear in a direct proceeding."

The law relating to the formation of consolidated school districts is found in article 7, ch. 219, Session Laws 1913. Although there have been some amendments to the law relating to consolidating districts, none of the amendments are material in this case. Section 1 of article 7 provides that, upon petitions signed by one-half of the voters residing in each district, the county superintendent may call a meeting of the voters for the purpose of voting for or against establishing a consolidated district. Section 8 of art. 7 of said chapter 219, Session Laws 1913, provides:

"In all matters relating to consolidated school districts, not provided for in the preceding sections, the law relating to school districts shall be in force where said laws are applicable."

Section 7781, Revised Laws 1910, provides, in substance, that any person feeling aggrieved in the formation or alteration of or refusing to form or alter school districts shall have a right to appeal to the board of county commissioners. By construing these two sections together, if a petition is filed with the county superintendent and the county superintendent finds the petition contains one-half of the legal voters of each of said districts and calls a meeting of the voters, any person feeling aggrieved thereby could appeal from said order of the county superintendent to the county commissioners, and there the question of whether the petition was sufficient could be tested and tried before said board. The law also permits an appeal from the board of county commissioners to the district court, and from there to this court.

This court, in the case of Woolsey v. Nelson, 43 Okla. 97, 141 Pac. 436, in the second paragraph of the syllabus of said case stated:

"* * * That the acts authorized by these two sections [secs. 7780, and 7781], considered together, are in their nature quasi judicial, and that upon an appeal from the action of the county commissioners to the district court, the district court has jurisdiction to try said matter de novo."

Upon the same principle, if we construe section 1, art. 7, ch. 219, and section 7781 of the Revised Laws 1910, together, the acts of the county superintendent in passing upon the sufficiency of the petition would be quasi judicial, and not a ministerial act, and an appeal would lie from her order.

This court, in the case of School District 68, Noble County, v. Wollingford, 69 Oklahoma, 170 Pac. 901, held that section 7781, Rev. Laws 1910, was applicable in a case where certain portions of a consolidated district were attempting to be detached from a consolidated district, and in that case an appeal was prosecuted from an action of the county superintendent to the board of county commissioners, and from the board of county commissioners to the district court, and from there to this court. If we apply the law announced above to the facts in the case at bar, when the county superintendent made an order calling the meeting of the voters he necessarily had to decide that the petition contained one half of the legal voters of the district, and any person feeling aggrieved could have appealed from said order to the county commissioners, but no appeal was taken. Having failed to appeal, the order is not subject to attack in this proceeding, in the absence of fraud. We think the rule is well settled that where parties are granted the right of appeal from a judgment upon a question of fact and an opportunity to be heard and where they fail to exercise that opportunity, they cannot thereafter attack the finding upon a question of fact, in a collateral proceeding.

Counsel for defendant in error relied upon the case of Board of County Commissioners of Grady County v. Davis (Kan.) 160 Pac. 581; Hovey v. Barker (Kan.) 26 Pac. 591; and County Attorney ex rel. Lewis

v. Eggleston (Kan.) 10 Pa-. 5 and numerous other cases, but this line of cases can all be distinguished from the case at bar. It would serve no useful purporse to enter into a long discussion in distinguishing these cases, but a reading of the cases readily discloses the facts are so materially different they are not authority.

For the reasons stated, the judgment of the trial court is reversed and remanded, with instructions to set aside the judgment of the trial court and take such other and further proceedings as are not inconsistent with the views herein expressed.

HARRISON, C. J., and PITCHFORD, JOHNSON, ELTING, KENNAMER, and NICHOLSON, JJ., concur.