**KING, County Supt., et al. v. STATE ex rel. GOSSETT, County Atty.**

No. 17353.    Opinion Filed Aug. 2, 1927.

(Syllabus.)

1. **Schools and School Districts—Formation of Consolidated Districts—Posting Notices by County Superintendent not Vital.**

Section 10323, C. O. S. 1921, is not applicable to the formation of a consolidated school district, and failure of the county superintendent to post the notices of the formation of such districts has no effect upon the consolidation, because such consolidation has already been accomplished by a vote of the people.

2. **Same—Order of Consolidation a Ministerial Act from Which no Appeal Lies.**

. The act of the county superintendent in entering the order of consolidation is a ministerial act. Construing together the statutes in reference to the formation of common school districts and consolidated school districts, when the county superintendent acts in a judicial or quasi judicial capacity, an ·appeal will lie to the county commissioners, but when his acts are purely ministerial, no appeal therefrom is authorized.

Error from District Court, Pushmataha County; George T. Arnett, Judge.

Action by the State on the relation of Louie C. Gossett, County Attorney, against Sloman King, County Superintendent, et al. Judgment for plaintiff, and defendants bring error. Reversed, with directions.

John Cocke, Ben C. Arnold, and T. G. Chambers, Jr., for plaintiffs in error.

Louie C. Gossett, C. A. Welch, and Welch & Welch, for defendant in error.

HEFNER, J.    This is an action in the nature of quo warranto on the relation of the county attorney of Pushmataha county against the consolidated school district No. 5 et al., to dissolve the consolidated school district No. 5; rather to declare that such consolidated school district No. 5 was never legally organized.

On the trial of the case in the district court the defendants admitted in open court that the county superintendent did not prepare or post notices ·of his order forming the new district, and the trial court held that a failure to post the notices of the formation of a district deprived the aggrieved persons of their right of appeal, and therefore the order consolidating the two districts, Nos. 4 and 50, into 5, was void.

The trial court held against the defendants in error on practically all of their contentions except as to the one above mentioned, and no cross-appeal was filed by them.

Really, therefore, the only question before us to determine is whether or not it was necessary for the county superintendent to post notices of his order forming the new district.

The proceeding in the instant case was the formation of a "consolidated" school district, and not a "common" school district. The provisions of the statutes for the formation of a common school district and for the formation of a consolidated school district are very different. The chapter making special provisions for the formation of consolidated school districts is embraced in article 11. ch. 86, C. O. S. 1921, and includes sections 10462 to 10482. The provisions of the statute with· reference to the formation and change of common school districts are found in article 6, chapter 86, C. O. S. 1921.

In reference to the formation of "consolidated" school districts, sections 10462, 10463, and 10464, C. O. S. 1921, are as follows:

"Section 10462. Meeting of Voters—How Called. A special meeting of the voters of any two or more adjacent school districts or parts of districts or territory. may be called for the purpose of establishing a consolidated school, said call to be made by the county superintendent of public instruction, upon petition signed by one-half of the legal voters residing in each district of the territory proposed to be included in the consolidated district. The meeting shall be held at such convenient point to be named by such superintendent. Notice of said special meeting shall be posted in at least five public places in each of the districts or parts of districts, proposed to be consolidated,. at least ten days prior to date of said meeting, and also by publication, for at least two consecutive weeks in a weekly paper, if same be published in the school district, and in addition thereto, notices of said special meeting shall be mailed by such county superintendent to each voter residing in the districts proposed to be consolidated. The meeting shall have authority to elect a chairman and secretary, who shall in the order named preside over and keep the records of said meeting. The voters at said meeting shall vote by written or printed ballot in favor of or against the forming of a consolidated school district. They shall at that meeting and at the time of casting their ballot for or against the proposition of establishing the consolidated district vote for a director, a clerk, and a member who shall constitute the board of the consolidated district. If a majority of the votes cast at said special meeting shall be in favor

of such consolidation, the clerk of said special meeting shall thereupon make a written report of such action to the county superintendent of public instruction of the county in which the said districts are located. * * *

"Section 10463. Districts in Two or More Counties—The county superintendent of public instruction shall, upon receipt of the report, as provided in the preceding section, declare said districts disorganized, and the consolidated district organized, to form a consolidated district composed of the several districts voting to unite. * * *

"Section 10464. Officers of Consolidated District—The officers of each consolidated school district shall be a director, a clerk and a member who shall constitute a district board, and who shall be elected and hold their respective offices as follows: At the meeting provided for in the second preceding section there shall be elected a director, clerk and member whose term of office shall expire at the same time as the term of like offices of other school districts. * * *"

The above are the only sections authorizing the consolidation of school districts, and the consolidation can only be accomplished by a vote of the qualified electors of the district.

In the chapter providing for the organization of common school districts the county superintendent forms or changes the district without election by the people. Sections 10321 and 16323, C. O. S. 1921, are as follows:

"Section 10321. It shall be the duty of the county superintendent of public instruction to divide the county into a convenient number of school districts and to change such districts when the interest of the people may require it, by making them conform to existing topographical or physical conditions; but only after twenty days' notice thereof, by written notice posted in at least five public places in the district or districts so affected. * * *"

"Section 10323. When a school district shall be formed in any county, the county superintendent of public instruction of such county shall, within 15 days thereafter, prepare a notice of the formation of such district, describing its boundaries and stating the number thereof. He shall cause the notices thus prepared to be posted in at least five public places in the district, and in case there shall be no appeal, shall, in ten days thereafter in like manner, appoint a time and place for special district meeting for the election of officers and the transaction of such business as is prescribed by law for regular school district meetings."

In forming the common school districts

the county superintendent is acting in a quasi judicial capacity and the statutes provide for an appeal from his acts in such cases. In order that the voters may be fully advised as to what he has done, it is incumbent upon him to publish the notices provided for in section 10323, supra. The organization of the district is not accomplished until these notices have been published and the time for appeal has expired.

By reading the sections above mentioned in reference to the formation of a consolidated school district, it will be seen that the procedure is very different from that provided for the formation of a common school district. In the case of the consolidated school district it is necessary to call a special election and the people vote upon the question of consolidation, and if the majority vote in favor of the consolidation, it is the duty of the clerk of the special meeting to make a written report of such action to the county superintendent, and upon the receipt by the county superintendent of such report it is his duty to declare the old district disorganized and the consolidated district organized. The article on consolidated school districts nowhere requires the county superintendent to publish notices of the entering of this order. The lawmakers doubtless thought it was unnecessary to require the posting of notices, because the people themselves had met in special meeting and by their own vote accomplished the consolidation. They were already informed as to what had been done, and it was not necessary to give any further notice.

Section 10472. C. O. S. 1921. is as follows:

"In all matters relating to consolidated school districts, not provided for in the preceding sections, the law relating to school districts shall be in force where said laws are applicable."

It is claimed that this section makes it the duty of the county superintendent to post the notices provided for in section 10323, supra, in reference to the formation of a common school district. Is this true? We do not think it is.

When the majority of the sovereign voters have spoken in favor of the consolidation, the only act left for the county superintendent to perform is a ministerial one. If this were not true, he could defeat the will of the sovereign voters by simply neglecting to prepare and post the notices within 15 days as is required by the statute.

The action of the electors in the special meeting called for the formation of a con-

solidated school district is final, and no right of appeal lies from their action. In the case of Cleal et al. v. Higginbotham et al., 49 Okla. 362, 153 Pac. 64, Chief Justice Kane, speaking for this court, said:

"* * * The rule is that the right of appeal exists only where expressly given by constitutional or legislative enactment, and cannot be extended to cases which do not come within the statute. Brown v. Hallaway's Estate, 47 Colo. 461, 108 Pac. 25; Ex parte Sharp, 15 Idaho, 120, 96 Pac. 563, 18 L. R. A. (N. S.) 886; State v. District Court, 38 Mont. 119, 99 Pac. 139; Garcia v. Free, 31 Utah, 389, 88 Pac. 30; State v. Chittendon, 127 Wis. 468, 107 N. W. 500. As there is no constitutional provision granting the right of appeal from the action of the people creating a consolidated school district, and article 7 of chapter 219, Session Laws 1913, entitled 'Consolidated Districts,' which seems to fully cover that subject, does not provide for one, we must conclude that no appeal lies, and that the action of the people in the premises is final. * * *"

From the doctrine announced in this case it seems clear that no right of appeal is given. The sections of the common school statutes which provide for appeals are applied to the action of the county superintendent where he acts in a judicial or quasi judicial capacity. In the instant case he did not act in any such capacity; but his act in declaring the district organized is ministerial.

It further appears that the act of the electors in the joint meeting is neither judicial nor quasi judicial. The right of appeal from the action of the county superintendent in his passing upon the petition for the conso'idation and the calling of the election and the posting of the notices of election is a different question. In these matters he acts in a judicial or quasi judicial capacity, and the right of appeals is given therefrom to the county commissioners, as was decided in the case of King et al. v. State, 83 Okla. 297, 201 Pac. 641.

In the case of Smith et al. v. State ex rel. Barry, County Attorney, 84 Okla. 283, 203 Pac. 1046. the third paragraph of the syllabus states that section 8, art. 7, ch. 219, Session Laws 1913, and section 7781, Revised Laws 1910, authorize an appeal from the action of the county superintendent in calling an election for a consolidation of certain districts and provides for an appeal from the order of the county superintendent organizing said district. In this case, however, the question was not raised that the county superintendent had not given the notice as required by section 10323, C. O. S.

1921, supra. The notices do not seem to have been given, but the question was in no manner raised, and we do not think it was the intention of the court to hold that an appeal would lie from an act of the county superintendent which had been held to be ministerial and not judicial in its nature, in the case of State ex rel. Freeling, Atty. Gen., v. Ross, County Superintendent, 76 Okla. 11, 183 Pac. 918, wherein it is said:

"The duties imposed upon a county superintendent by section 2, art. 7, c. 219, Sess. Laws 1913, in respect to declaring school districts disorganized and a consolidated district composed thereof organized, involve the exercise of no discretion on the part of such superintendent, but are purely ministerial in their character, and their performance may be enforced by mandamus brought in the Supreme Court, in proper cases."

Construing the statutes in reference to common school districts and consolidated school districts together, we think that when the county superintendent acts in a judicial or quasi judicial capacity an appeal will lie to the county commissioners; but if his act is purely ministerial, then we do not think an appeal is authorized.

In the instant case, when the county superintendent received the written report from the clerk of the special meeting showing that a majority had voted in favor of a consolidation, he entered his order declaring the old districts disorganized and the consolidated district organized. This is all he was required to do. When the people of the consolidated district voted in favor of the consolidation, this completed the organization of the district and the only thing left for the county superintendent to do was to enter the order declaring the old districts disorganized and the consolidated district organized, and this act was purely ministerial in its nature. The statute requiring the posting of notices of the entering of such order is not applicable in the instant case.

It therefore follows that it was error on the part of the trial court to hold that it was necessary to post the notices mentioned above, and in this respect the judgment is reversed, with directions to take such further proceedings as shall be necessary and not inconsistent with the views expressed herein.

BRANSON, C. J., MASON, V. C. J., and HARRISON, PHELPS, HUNT, CLARK, and RILEY, JJ., concur.

Note.—See under (1) 35 Cyc. p. 850. (2) 3 C. J. p. 372, §129; 35 Cyc. p. 850.