## In re CONSOLIDATION OF SCHOOL DISTRICTS NOS. 14 AND 20, CARTER COUNTY.

No. 27347. June 15, 1937.

Marvin Shilling, for plaintiffs in error.

Stephen A. George, for defendant in error.

WELCH, J. This is an appeal from an

order of the county court of Carter county dismissing an appeal from the action of the county superintendent of Carter county declaring districts Nos. 14 and 20 disorganized, and declaring Mt. Washington consolidated school district No. 20 organized, after a majority of the electors of district No. 14 and district No. 20, voting at a special election, pursuant to notice, had voted for consolidation.

All other questions raised in this case are unimportant if it be determined that the right of appeal from the county superintendent does not exist.

It is urged by plaintiff in error that the order of the county superintendent declaring districts No. 14 and No. 20 disorganized and consolidated district No. 20 organized, changed boundary of school district No. 14 by wiping out said district and consolidating it with school district No. 20, and that the right of appeal is governed by the provisions of section 6778, O. S. 1931, which reads as follows:

"Any person or persons feeling aggrieved at any order or decision of the county superintendent of public instruction, made or entered in any proceeding now pending, or hereafter instituted before any such county superintendent, pertaining to or affecting the boundary of any common, union graded or consolidated school district, or the membership of the school boards thereof, may appeal from such order or decision to the county court. Such appeal shall be taken as hereinafter provided."

In reference to the formation of "consolidated" school districts, sections 6915, 6916, and 6917, O. S. 1931, are as follows:

Section 6915:

"A special meeting of the voters of any two or more adjacent school districts or parts of districts or territory, may be called for the purpose of establishing a consolidated school, said call to be made by the county superintendent of public instruction, upon petition signed by one-half of the legal voters residing in each district of the territory proposed to be included in the consolidated district. The meeting shall be held at some convenient point to be named by such superintendent. Notices of said special meeting shall be posted in at least five public places in each of the districts or parts of districts, proposed to be consolidated, at least ten days prior to date of said meeting, and also by publication, for at least two consecutive weeks in a weekly paper, if same be published in the school district, and in addition thereto, notices of said special meeting shall be mailed by such county superintendent to each voter residing in the districts proposed to be consolidated. The meeting shall have authority to elect a chairman, and secretary who shall in the order named preside over and keep the records of said meeting. The voters at said meeting shall vote by written or printed ballot in favor of or against the forming of a consolidated school district. They shall at that meeting and at the time of casting their ballot for or against the proposition of establishing the consolidated district vote for a director, a clerk, and a member who shall constitute the board of the consolidated district. If a majority of the votes cast at said special meeting shall be in favor of such consolidation, the clerk of said special meeting shall thereupon make a written report of such action to the county superintendent of public instruction of the county in which the said districts are located. * * *"

Section 6916:

"The county superintendent of public instruction shall, upon receipt of the report, as provided in the preceding section, declare said districts disorganized, and the consolidated district organized, to form a consolidated district composed of the several districts voting to unite. * * *"

Section 6917:

"The officers of each consolidated school district shall be a director, a clerk and a member who shall constitute a district board, and who shall be elected and hold their respective offices as follows. At the meeting provided for in the second preceding section, there shall be elected a director, clerk and member whose term of office shall expire at the same time as the term of like offices of other school districts. * * *"

These are the sections authorizing the consolidation of school districts, and the consolidation can only be accomplished by a proper vote of the qualified electors of the district.

The order of the county superintendent did not change the boundary of any school district; that had been accomplished by the people when they voted for consolidation. In the case of King, County Supt., et al. v. State ex rel. Gossett, County Attorney, 126 Okla. 130, 258 P. 755, this court said:

"The action of the electors in the special meeting called for the formation of a consolidated school district is final, and no right of appeal lies from their action."

In the case of Cleal et al. v. Higginbotham et al., 49 Okla. 362, 153 P. 64, Chief Justice Kane, speaking for this court, said:

"As there is no constitutional provision granting the right of appeal from the ac-

tion of the people creating a consolidated school district, and article 7 of chapter 219, Session Laws 1913, entitled 'Consolidated Districts,' which seems to fully cover that subject, does not provide for one, we must conclude that no appeal lies, and that the action of the people in the premises is final."

Sections 6778 and 6779, O. S. 1931, do not enlarge, extend, or materially change the right of appeal from the acts of a county superintendent that exists under prior statutes; the only important change being the requirement that appeals be taken to the county court instead of to the board of county commissioners. It therefore follows that the doctrine heretofore announced by this court remains unchanged; that the statutes which provide for appeal are applied to the action of the county superintendent when he acts in a judicial or quasi judicial capacity, and no appeal is authorized when his acts are purely ministerial.

Quoting further from the body of the opinion in the case of King, County Supt., et al. v. State ex rel. Gossett, supra:

"The sections of the common school statutes which provide for appeals are applied to the action of the county superintendent where he acts in a judicial or quasi judicial capacity. In the instant case he did not act in any such capacity; but his act in declaring the district organized is ministerial.

"It further appears that the act of the electors in the joint meeting is neither judicial nor quasi judicial. The right of appeal from the action of the county superintendent in his passing upon the petition for the consolidation and the calling of the election and the posting of the notices of election is a different question. In these matters he acts in a judicial or quasi judicial capacity, and the right of appeal is given therefrom to the county commissioners, as was decided in the case of King et al. v. State, 83 Okla. 297, 201 P. 641.

"In the case of Smith et al. v. State ex rel. Barry, County Attorney, 84 Okla. 283, 203 P. 1046, the third paragraph of the syllabus states that section 8, art. 7, ch. 219, Session Laws 1913, and section 7781, Revised Laws 1910, * * * provides for an appeal from the order of the county superintendent organizing said district. * * * We do not think it was the intention of the court to hold that an appeal would lie from an act of the county superintendent which had been held to be ministerial and not judicial in its nature, in the case of State ex rel. Freeling, Atty. Gen., v. Ross, County Superintendent, 76 Okla. 11, 183 P. 918, wherein it is said:

"'The duties imposed upon a county superintendent by section 2, art. 7, c. 219, Sess. Laws 1913, in respect to declaring school districts disorganized and a consolidated district composed thereof organized, involve the exercise of no discretion on the part of such superintendent, but are purely ministerial in their character, and their performance may be enforced by mandamus brought in the Supreme Court, in proper cases.'

"Construing the statutes in reference to common school districts and consolidated school districts together, we think when the county superintendent acts in a judicial or quasi judicial capacity an appeal will lie to the county commissioners; but if his act is purely ministerial, then we do not think an appeal is authorized.

"In the instant case, when the county superintendent received the written report from the clerk of the special meeting showing that a majority had voted in favor of a consolidation, he entered his order declaring the old district disorganized and the consolidated district organized. This is all he was required to do. When the people of the consolidated district voted in favor of the consolidation, this completed the organization of the district and the only thing left for the county superintendent to do was to enter the order declaring the old district disorganized, and the consolidated district organized, and this act was purely ministerial in its nature."

The second paragraph of the syllabus of the last above mentioned case reads as follows:

"The act of the county superintendent in entering the order of consolidation is a ministerial act. Construing together the statutes in reference to the formation of common school districts and consolidated school districts, when the county superintendent acts in a judicial or quasi judicial capacity, an appeal will lie to the county commissioners, but when his acts are purely ministerial, no appeal therefrom is authorized."

From the rules announced in these cases it seems clear that no right of appeal exists, and, therefore, the judgment of the county court in dismissing the appeal is affirmed.

OSBORN, C. J., BAYLESS, V. C. J., and RILEY, CORN, GIBSON, and HURST, JJ., concur. BUSBY and PHELPS, JJ., absent.