On the 24th day of July, 1943, pursuant to the provisions of Senate Bill No. 5, 70 O.S.Supp. 1943 §§ 891.1-891.11[70-891.1-891.11], there was filed with the superintendent of schools of Carter county a petition demanding an election to afford opportunity to vote upon the question of the detachment of certain territory situate in Carter county from school district No. 16, which is a joint consolidated district located in Stephens and Carter counties, and its annexation to school district No. 74 of Carter county. This petition had subscribed thereto the names of more than 50 per cent of the legal voters of the territory affected by attachment. Before the county superintendent of Carter county posted notice of the election certain instruments were filed with the county superintendent signed by approximately 25 of the signers of the petition requesting that their names be withdrawn from the petition, which requests were denied. The county superintendent proceeded to call the election, after having determined the sufficiency of the petition. At the election a majority of the legal voters of the area to be detached voted for the annexation and an attachment order was made. Thereupon the appellants filed an appeal from the action of the county superintendent to the district court of Carter county. This appeal was heard, and on September 23, 1943, that court found that at the election duly and legally called the question of annexation received a majority vote, and that the action of the county superintendent in ordering the annexation was regular, and the annexation was affirmed.
It is first contended that before the county superintendent acted upon the petition a number of the signers thereof effectively withdrew their names therefrom leaving the petition without sufficient signatures as prescribed by section 3 of the act.
The next proposition urged by appellants is that the act of 1943 is not applicable in this matter; that this proceeding is controlled by the provisions of 70 O.S. §§ 251 and 252, which relate *Page 203 
to establishment of consolidated districts, and section 91, which relates to formation and alteration of joint districts; that these sections are in full force and effect and have never been repealed.
By section 9 of the 1943 act it is provided:
"This Act shall not be construed as abolishing or affecting the status of any school district organized or formed according to law prior to the effective date of this Act, but no school district, or part of school district, shall hereafter be annexed to or united with any other district or part of district except in the manner provided in this Act; Provided, that this section shall not be construed as preventing the organizing of consolidated districts according to existing laws."
This same provision appeared in the 1941 act (70 O.S. § 890.7[70-890.7]). Sections 890.1 to 890.8 are specifically repealed by the 1943 act (sec. 11). By the 1941 act many sections of various statutes are specifically repealed, and it is further provided: "All other acts and parts of acts in conflict herewith are hereby repealed." By reason of the repealing sections of the 1941 and 1943 acts, it is contended by defendant in error that the sections relied on by appellants were repealed.
It is clear that the provisions of the 1943 act furnish the only authority for annexation of territory of one school district to another. The provision of section 9, supra, "Provided that this section shall not be construed as preventing the organizing of consolidated districts according to existing laws," and the other sections relied on, have no application if not repealed, which question we do not decide, for the obvious reason that there is not presented here the formation of a consolidated district.
The final contention made is that a part of a district cannot be attached to another under the 1943 act under the facts disclosed here except as provided in section 10 thereof. We have so held in Board of Education of Burbank Independent School District No. 20, a Municipal Corporation of Osage County, v. T.E. Allen, County Superintendent of Public Instruction of Osage County, et al., No. 31858, decided and promulgated January 23, 1945, 195 Okla. 209, 156 P.2d 596. What we said therein is applicable and controlling on this point herein. Reversed.
GIBSON, C.J., HURST, V.C.J., and RILEY, OSBORN, BAYLESS, CORN, and DAVISON, JJ., concur.