**STATE ex rel. GRAHAM et al. v. MONSEY, County Supt.**

No. 32660.   Jan. 28, 1947.

*176 P. 2d 1021.*

Brown & Cund, of Duncan, for plaintiffs in error.

Jerome Sullivan, of Duncan, for defendant in error.

RILEY, J. This proceeding was commenced in the district court of Stephens county, by plaintiffs in error, who sought a writ of mandamus to compel W. E. Monsey, county superintendent, to post notices and conduct a hearing upon a petition filed with the county superintendent, and to issue an order annexing a part of consolidated school district No. 47 in Stephens county to adjoining consolidated school district No. 42. District No. 47, known as Doyle, was originally composed of two separate districts, one of them Stone No. 35 and the other was likewise known as Doyle No. 47.

Petitioners are residents of that part of consolidated district No. 47 which was originally "Doyle" district No. 47. On November 13, 1945, a majority of such resident legal voters, desiring to withdraw from consolidated school district No. 47 and be annexed to adjacent consolidated district No. 42, filed with the county superintendent a petition for the purpose, together with the written acceptance of the board of directors of school district No. 42. It is alleged that thereupon it became the mandatory duty of the county superintendent to post notices, conduct a hearing, and if the petition be found sufficient, to make an order attaching the territory described to consolidated district No. 42, but that defendant county superintendent has refused to so act.

The territory affected was never a part of consolidated school district No. 42, and as an election was not sought, the county superintendent found the petition insufficient in form.

The writ of mandamus being denied, plaintiffs have appealed.

The issue presented is whether, without an election being held or requested, the county superintendent may make the transfer, or whether, on the other hand, the county superintendent is governed by the provisions of Title 70, secs. 891.1 et seq., O.S. Supp. 1943, enacted as S.B. 5, ch. 24, S.L. 1943, which, for such purpose, requires an approval by a majority vote of the qualified electors in the "territory affected," at an election held for that purpose.

Plaintiffs in error contend the first special provision of 70 O.S. 1941 §251 is in full force and effect and governs without the necessity of an election. That section, in part, reads:

"Provided, that all or a part of any district adjacent to a consolidated district shall be attached to and become a part of such consolidated district upon petition to the county superintendent signed by a majority of the legal voters of such territory desiring to be attached and by the board of directors of such consolidated district."

Section 251, supra, was repealed by section 9, ch. 24, S.L. 1941, which reads:

"Section 9. The following acts and parts of acts are hereby expressly repealed: . . . that part of Section 6915, Oklahoma Statutes 1931 [70 O.S. 1941 §251] relating to the annexation of territory to a consolidated district; . . ."

By the subsequent act of 1943 (secs. 891.1 et seq., supra), a comprehensive method was provided for attaching all of any kind of school district to any adjacent school district. The statute last above quoted, for the purpose, requires approval by a majority of the legal voters of the district affected, at an election held for that purpose. The statute, 70 §891.9, O.S. Supp. 143, reads, in part:

". . . No school district, or part of school district, shall hereafter be annexed to or united with any other district or part of district except in the manner provided in this Act; provided that this Section shall not be construed as preventing the organizing of consolidated districts according to existing laws."

70 O.S. Supp. 1943 §§891.3 et seq.

provides, the method for holding such an election as required.

In Alma Joint Consolidated School Dist. No. 16 v. Fox Consolidated School Dist. No. 74, 195 Okla. 202, 156 P. 2d 607, it is said:

"It is clear that the provisions of the 1943 Act furnish the only authority for annexation of territory of one school district to another." School Bd. of Consol. School Dist. No. 47, Stephens Co., et al. v. Monsey, County Superintendent of Public Instruction, 198 Okla. 41, 175 P. 2d 76.

An election as prescribed by the statute under the facts presented is required.

Affirmed.

HURST, C.J., DAVISON, V.C.J., and OSBORN, BAYLESS, WELCH, CORN, and GIBSON, JJ., concur.

. Brown & Cund, of Duncan, for plaintiffs in error.

Jerome Sullivan, of Duncan, for defendant in error.