YORK et al. v. GARRISON, Co. Supt., et al.

No. 34353.    Feb. 10, 1953.

Rehearing Denied Feb. 24, 1953.

*253 P. 2d 835.*

W. B. Garrett, Mangum, and Tolbert & Gillespie, Hobart, for plaintiffs in error.

Hollis Arnett, Mangum, Jack Sasseen, Co. Atty., Greer County, Mangum, for defendants in error.

DAVISON, J.    This proceeding was instituted in the district court of Greer county, Oklahoma, by R. S. York and some seventeen other individuals, as plaintiffs, against Ray Garrison, county superintendent of said county, and the boards of trustees of two consolidated school districts and the individual members of said boards, as defendants, seeking, upon review on certiorari, the vacation of an order of said county superintendent, consolidating and uniting the two said school districts pursuant to, and as a result of, a school district election held for that purpose. The trial court denied plaintiffs the relief sought and they have brought the matter here by appeal.

One of the principal grounds of defense relied upon by the defendants in the trial court, and again insisted upon here, was that certiorari did not lie to review the proceedings and the order of the county superintendent complained of. In this connection two facts stand out significantly.    First, the order of the county superintendent, carrying out the directive of the people as expressed at the election, was for the union of two consolidated school districts. Second, the present action on certiorari was instituted in the district court and brought here by appeal. The entire controversy is determinable by an interpretation of the controlling statute (70 O.S. 1941 §251) as it existed, with amendments, revisions and par-

tial repeal, on April 19, 1949, the date of the county superintendent's order which is here under attack. Said section 251 was enacted in 1913 (1913 S.L. 534) and was subsequently amended in 1917 and 1919 (1917 S.L. 473; 1919 S.L. 260). It consisted of two parts, namely, the statute proper dealing with the *formation* of consolidated school districts, and the proviso thereto, dealing with *attachment* to a consolidated school district of all or a part of an adjacent district.

The first part of the statute, dealing with the formation of the district, provided for an election to accomplish the result. The duties of the county superintendent, after the election, in issuing an order "declaring school districts disorganized and a consolidated district composed thereof *organized*, involve the exercise of no discretion on the part of such superintendent, but are purely ministerial in their character." State ex rel. Freeling, Atty. Gen., v. Ross, Co. Supt., 76 Okla.. 11, 183 P. 918; followed in the cases of King, Co. Supt., v. State ex rel. Gossett, Co. Atty., 126 Okla. 130, 258 P. 755, and In re Consolidation of School Dists. Nos. 14 and 20, 180 Okla. 271, 69 P. 2d 365. And when his acts are purely ministerial, no appeal therefrom is authorized. Id. However, the order of the county superintendent calling the election for consolidation was a quasi judicial act from which an appeal would lie under the general statutes. King v. State ex rel. O'Reilly, Co. Atty., 83 Okla. 297, 201 P. 641; Board of County Com'rs of Carter County v. Woodford Consolidated School Dist. No. 36, 165 Okla. 227, 25 P. 2d 1057.

The latter part of the statute, dealing with annexation of territory to a previously formed district, provided for the accomplishment of the result without an election, but by order of the county superintendent upon petition by the required number of electors. There was an appeal from that order of the county superintendent under the general statutes because it, too, was a quasi judicial act.

"The sections of the common school statutes which provide for appeals are applied to the action of the county superintendent where he acts in a judicial or quasi judicial capacity." King, Co. Supt., v. State ex rel. Gossett, supra, and In re Consolidation of School Dists. Nos. 14 and 20, supra.

By the acts of 1941 and 1943 (1941 S. L. 410; 1943 S. L. 208), the proviso or second part of the statute under consideration (O.S. 1941 §251) was repealed and a new method of annexation provided for, wherein the result was accomplished by an election in much the same method that consolidation had theretofore been accomplished under the provisions of the first part of the original statute. The 1941 act appears in O.S. 1941, under Title 70, §890.1 et seq.; the 1943 act appears in O.S. 1943 Supp., under Title 70, §891.1 et seq. That these 1941 and 1943 sections repealed and supplanted the proviso of 70 O.S. 1941 §251, was the holding of this court in the case of State ex rel. Graham et al. v. Monsey, Co. Supt., 198 Okla. 183, 176 P. 2d 1021.

By 70 O.S. 1943 Supp. §891.9 (which is the same as 70 O.S. 1941 §890.7), it was provided that "no school district or part of school district shall hereafter be annexed to or united with any other district or part of district except in the manner provided in his Act." Such provision makes the 1943 Act applicable to all situations where, as here, the organization of a new consolidated district is accomplished by the union of one consolidated district with another. The above-quoted part of the statute was applied to a slightly different fact situation and was discussed at length in the case of School Board of Cons. School Dist. No. 47 v. Monsey, Co. Supt., 198 Okla. 41, 175 P. 2d 76.

Section 891.5 of the 1943 Act further provides, in situations where such act applies, for an appeal from the order of the county superintendent, announcing the result of the election and declaring the consolidation. That appeal is to the district court where, as was held

in the case of Huebert et al. v. Keen, 190 Okla. 655, 127 P. 2d 180:

"On appeal to district court from an order of the county superintendent of public instruction sustaining or denying a petition for the annexation of territory to a school district, *** the functions of the court are to review the whole record and to consider any proper evidence offered by the parties, and to make judicial determination of the question whether the Act was substantially complied with, and to affirm or vacate the order as the circumstances may require, or to render such order as the superintendent should have made in the first instance."

The practical effect of the 1943 Act is readily apparent. By one proceeding in the district court all steps in the formation of the new district could be reviewed. Under the earlier procedure, applicable in the case of In re Consolidation of School Dists. Nos. 14 and 20, supra, the proceedings up to the calling of the election were reviewable under the general appeal statute and the final order, being ministerial, could not be reviewed. Further, under the 1943 Act, any proper person feeling aggrieved by the judgment of the district court had the right to appeal therefrom to this court. Alma Joint Cons. School Dist. No. 16 v. Fox Cons. School District No. 74, 195 Okla. 202, 156 P. 2d 607.

From this discussion it is clearly apparent that when, on April 19, 1949, the order of the county superintendent was made in the instant case, the same was subject to review on appeal to the district court from whose judgment an appeal lay to this court. Since, therefore, there was an adequate remedy by appeal, certiorari was not proper. In the case of Consolidated School Dist. No. 8 v. Wilder, Co. Supt., 148 Okla. 91, 297 P. 280, it was said:

"Certiorari is not a writ of right, but is to be granted or not in the discretion of the court, and the writ will issue only where no appeal or proceeding in error lies, and ordinarily where the error cannot otherwise be corrected."

To support their position that certiorari was proper, the plaintiffs rely, among others, upon the following cases: Huebert v. Keen, supra; Consolidated School Dist. No. C-41 v. Keen, 191 Okla. 188, 127 P. 2d 184; McCoy v. Hall, 191 Okla. 311, 131 P. 2d 60; Petitioners of School Dist. No. 9 v. Jones, 193 Okla. 9, 140 P. 2d 922. The general holding in those cases was that certiorari from this court was the proper method of reviewing the judgment of the district court after appeal from the order of the county superintendent. However, those cases arose prior to the 1943 Act and were controlled by the 1941 Act, which, by section 890.2, although providing for appeal from the county superintendent's order to the district court, also provided that the judgment of the district court was final. Such was not the case after 1943. Hence, the cited cases do not here apply.

Having reached the conclusion that appeal was proper and that the lower court did not have jurisdiction to review, upon certiorari, the order of the county superintendent, announcing the union of the two school districts into one, and, since the judgment of that court accomplished the proper result by denying plaintiff any relief, we need not determine the other questions presented and will affirm the judgment appealed from.

Judgment is affirmed.

JOHNSON, V.C.J., and CORN, ARNOLD, O'NEAL, and BLACKBIRD, JJ., concur. WILLIAMS, J., dissents.