### WALKER v. WOMACK, County Judge.

No. 28152.    Oct. 12, 1937.

Clay Snodgrass and Jack W. Page, for plaintiff.

Carrol Womack, for defendant.

GIBSON, J. Petitioner seeks a writ of certiorari for review of the judgment of the county court of Jackson county revoking his beverage license issued pursuant to the provisions of chapter 153, S. L. 1933.

The foregoing statute provides certain procedure for the revocation of such licenses for the causes therein set out, but fails to authorize appeal from the court's judgment. Petitioner says that under the general rule that the writ will issue where there is no adequate remedy by appeal or otherwise (Oliver v. State Board of Medical Examin-

ers, 122 Okla. 66, 251 P. 31), he is entitled to the same in the instant case.

The petition discloses that the county court had jurisdiction of the parties, the subject matter of the proceedings, and power to enter the judgment complained of. Should we grant the writ and the record be transmitted here in compliance therewith, no apparent gain would result to the petitioner. There are no other jurisdictional questions to review, and review on certiorari is limited to jurisdictional matters. Parmenter v. Ray, 58 Okla. 27, 158 P. 1183.

But petitioner contends that the trial court heard no evidence upon the matters for which the statute authorizes revocation of the license, and for that reason exceeded its jurisdiction or was without power to enter the judgment.

An examination of the judgment reveals that the license was revoked after a hearing, and upon grounds authorized by law. Petitioner, of necessity, treats the proceeding in county court as a judicial one, and we, neither affirming nor denying his contention, will so view the matter. The judgment is therefore entitled to all presumptions favoring its validity. It is to be presumed that the trial court heard sufficient evidence upon which to base its judgment. Certiorari cannot be used to correct errors of law or fact within the court's jurisdiction. Coon v. Robinett, 135 Okla. 114, 274 P. 669. This court, on certiorari, will not examine into the sufficiency of the evidence upon the merits of a cause.

The writ is denied.

OSBORN, C. J., BAYLESS, V. C. J., and WELCH, PHELPS, CORN, HURST, and DAVISON, JJ., concur. RILEY, J., absent.