HUEBERT et al. v. KEEN, Dist. Judge.

No. 30586.  June 2, 1942.

*127 P. 2d 180.*

Meacham, Meacham & Meacham, of Clinton, for petitioners.

Jones & Wesner, of Cordell, for respondent.

GIBSON, J. This matter comes here on certiorari to review the judgment of the district court of Washita county rendered in a school district annexation case arising under Senate Bill 81, Title 70, ch. 24, S. L. 1941 (70 O. S. 1941 §§ 890.1-890.8).

Said Senate Bill confers upon the county superintendent of public instruction the power to annex territory to any adjacent school district upon petition signed by a majority of the qualified electors of the territory to be annexed and by a majority of the members of the school board of the district to which the territory is to be annexed. After hearing pursuant to notice as in the act provided, it is the duty of the superintendent to order said annexation "if he finds that the provisions of this act have been substantially complied with."

The statute further provided that 25 per cent of the qualified electors of the districts affected may appeal from the order of the superintendent to the district court. The jurisdiction of the district court is specifically limited "to the determination of whether the provisions of this act have been substantially complied with." The judgment of the court on said appeal is made final.

Certiorari is proper in such case. The statute denies the right of appeal from the judgment of the district court, but we are authorized by section 2, art. 7, of the Constitution, to review the judgment on writ of certiorari. In Oliver v. State ex rel., 122 Okla. 66, 251 P. 31, the rule is stated as follows:

"The general rule is that the writ of certiorari will lie when there is no adequate remedy by appeal or otherwise."

The writ brings up for review the sole question whether the inferior court kept within or exceeded its jurisdiction. In Walker v. Womack, 181 Okla. 34, 72 P. 2d 510, we held as follows:

"A writ of certiorari brings up for review the sole question of whether the inferior tribunal kept within or exceeded the jurisdiction conferred upon it by

law. The writ cannot be used to correct errors of law or fact committed by an inferior tribunal within the limits of its jurisdiction."

The record before us shows that school district No. 51 lies between districts No. C-8 and No. C-2. Said district No. 51 comprises approximately 8,000 acres. A certain number of the qualified electors purporting to be a majority thereof residing in an area of 2,000 acres on the west side of district No. 51 filed their petition with the county superintendent seeking annexation of said 2,000 acres to district No. C-8 lying adjacent thereto on the west. Thereafter a majority of the qualified electors of the entire area of district No. 51 filed their petition with the superintendent seeking to annex all of said district to district No. C-2 lying adjacent on the east. Notice of hearing of each of said petitions was given as required by law. The hearing on the petition to annex the 2,000 acres to district No. C-8 was set for August 12, 1941, and the hearing on petition to annex all of district No. 51 to district No. C-2 was set for August 14, 1941. The superintendent continued the hearing on the first petition to the latter date, at which time both cases were heard together. Both petitions were denied apparently on the ground that they embraced overlapping territory.

The two cases were appealed to district court pursuant to the provisions of Senate Bill No. 81 aforesaid, and were there consolidated for trial.

The petitioners seeking annexation of all of district No. 51 challenged the sufficiency of the petition seeking annexation of the 2,000-acre area, alleging that it was not subscribed by a majority of the qualified electors in said 2,000-acre area as required by the statute. They took the position that since the first petition filed was insufficient, the superintendent should have denied the same and granted their own as the only petition then pending.

Issue was joined on the alleged insufficiency of the first petition, and the signers thereof contended that since said petition was valid and was first in point of time, it was the duty of the superintendent to consider and allow the same to the exclusion of the second petition.

The point of law in dispute with reference to the sufficiency of the first petition filed was the validity of the signature of one elector which by the elector's consent had been subscribed by his wife. Without this signature the petition was short of a majority.

The court held that the signature was sufficient as that of the elector and sustained the petition, and rendered judgment annexing the 2,000 acres to district No. C-8. The second petition was sustained insofar as the remainder of district No. 51 was concerned and said remainder annexed to district No. C-2.

Certain of the electors seeking annexation of all of district No. 51 to district No. C-2, being dissatisfied with the judgment, came here for a writ of certiorari. The writ was granted, and the record is now before us for review.

As said above, our sole function in review on certiorari is to determine whether the district court has exceeded the jurisdiction conferred on it by law. The law defines the court's jurisdiction in this case as follows: "The jurisdiction of the district court shall be limited, however, to the determination of whether the provisions of this act have been substantially complied with."

That provision would include the power to examine into all the annexation proceedings, including the final action of the superintendent, and would necessarily include the power to make appropriate orders in keeping with the court's decision.

The statute makes it the mandatory duty of the superintendent to annex parts or all of a district to another adjacent upon proper petition signed by a majority of the qualified electors residing in the territory to be annexed and by a majority of the members of the

school board of the district to which annexation is sought. The statute says that upon proper petition therefor, the territory "shall be annexed."

However, the superintendent is authorized to exercise his judgment in determining whether the proceedings are regular before ordering annexation. The statute provides that after a hearing the superintendent shall post notices containing his order to the effect that he has, or has not, ordered the annexation as prayed for, and then continues as follows: "Provided that the county superintendent shall order said annexation if he finds that the provisions of this act have been substantially complied with." This provision would place some discretionary power in the superintendent to determine whether there had been such compliance. His decision in such case would become final on failure of appeal, unless the proceedings proved to be void on their face.

Now the duties of the district court on appeal are precisely the same as are the duties of the superintendent at the time he makes his final decision, except the functions of the court go further to include the final action of the superintendent. The court must review the whole record, including the final order, and may consider any proper evidence offered, in order to ascertain whether all parties concerned, including the superintendent, have substantially complied with the act; and in determining that question the functions of the court are wholly judicial in character.

In such case the court should sustain or vacate the superintendent's order, depending entirely on whether there had, or had not, been a correct determination of the proceedings. In event the order is vacated, whether the same purported to sustain or to deny the petition for annexation, the trial court must enter the order that the superintendent should have made in the first instance.

Here, so far as we know, the superintendent denied the two petitions for the only reason that they involved overlapping territory. In district court the peti-

tion to annex the 2,000 acres was attacked on the ground that it was not signed by a majority of the qualified electors residing in that area as required by the statute. The petition, in the words of the statute, must be "signed by a majority of the qualified electors of each district, or part of district, seeking to be annexed. . . ." It is said that the petition was not sufficient for the reason that one signature thereon, the elimination of which would leave the petition without a majority, was not subscribed by the elector himself but by another, and that the statute required the individual signatures of the electors.

The undisputed evidence shows that the name of the particular elector in question was signed by his wife, out of his presence but at his request. The court held this a sufficient compliance with the statute, and entered its order annexing the 2,000 acres as prayed.

Our only duty here with regard to the last-mentioned order is to determine whether the court acted wholly within its jurisdiction or powers conferred by the statute aforesaid.

There was a sufficient number of names signed on the petition to constitute a majority of the electors. The court so found, and we cannot question that finding on certiorari. The court held that each name was subscribed on the petition substantially as the statute required. These were questions of fact and law, respectively, and within the powers of the court to determine. Whether its decisions were wrong are questions that cannot be reached on certiorari. There is nothing in the record to indicate that the court exceeded the powers conferred on it with reference to the first petition. Therefore, the judgment annexing territory to district No. C-8 being correct, the writ of certiorari so far as it relates thereto must be and is quashed.

The action of the court on the other petition, the one seeking annexation of all of district No. 51 to district No. C-2, presents another question.

Notwithstanding said petition sought the annexation of all the territory of district No. 51, the court ordered a portion thereof annexed. There is nothing in the statute authorizing the annexation of only a portion of the territory described in the petition in such case. The statute contemplates the annexation of all the territory which, by the petition, a majority of the qualified electors resident therein have asked to be annexed. Neither the superintendent nor the court may subdivide that territory and order a portion thereof annexed. Such action would destroy the petition; and a destruction of the petition would defeat the jurisdiction of the superintendent and the court, for the petition alone sets in motion the whole proceedings.

Therefore, the court exceeded its jurisdiction with respect to ordering annexation of only a portion of the territory described in the second petition aforesaid. The judgment to that extent must be reversed and the proceedings on said second petition in district court quashed.

The record is remitted to the district court, with directions to dismiss the proceedings pertaining to the petition to annex all the territory embraced in district No. 51 to district No. C-2.

WELCH, C. J., CORN, V. C. J., and OSBORN, BAYLESS, DAVISON, and ARNOLD, JJ., concur. RILEY and HURST, JJ., absent.