CONSOLIDATED SCHOOL DIST. NO. C-41 et al. v. KEEN, Dist. Judge, et al.

No. 30816. June 9, 1942.

Rehearing Denied June 30, 1942.

*127 P. 2d 184.*

Meacham, Meacham & Meacham, of Clinton, for petitioners.

Arney & Barker, of Clinton, for respondents.

GIBSON, J. Original proceeding on certiorari to review the judgment of the district court of Custer county rendered in a school district annexation case arising under Senate Bill No. 81, Title 70, ch. 24, S. L. 1941 (70 O. S. 1941 §§ 890.1—890.8).

Pursuant to Senate Bill No. 81, aforesaid, a petition was filed with the county superintendent of public instruction of Custer county seeking to annex a portion of the territory of consolidated school district No. C-41 to joint independent school district No. 66 of Roger Mills and Custer counties. After a hearing, as provided by law, the superintendent denied the petition, and in due course certain parties took the case to the district court for review as in the act provided.

On trial of the cause the district court vacated the superintendent's order and ordered the annexation as sought by the petition.

The statute limits the power of the district court in certain particulars, and makes its judgment final.

We have heretofore held that certiorari is proper in cases of this character to review the judgment of the district court. Huebert v. Keen, District Judge, 190 Okla. 655, 127 P. 2nd 180. We there stated the rule as follows:

"The general rule is that the writ of certiorari will lie [to review judicial or quasi judicial orders] when there is no adequate remedy by appeal or otherwise."

The powers and duties of the superintendent and the jurisdiction of the district court on appeal in annexation cases are discussed and defined in Huebert v. Keen, supra, to all of which we now refer, and here adopt.

The petition for annexation was protested on the sole ground that a school building was then located on that portion of consolidated district No. C-41 sought to be annexed, and for that reason the superintendent and the district court on appeal were without power under the statute to order the annexation. The provision here referred to reads as follows:

"No territory having a school building or buildings thereon shall be annexed to another district unless the whole district, or all of the several parts thereof, embracing such territory is annexed to a district or districts." (Section 4, S. B. No. 81, supra, 70 O. S. 1941 § 890.4).

The district court, on fully supporting evidence, found specifically that a school building was then located within that portion of the territory of consolidated district No. C-41 sought to be annexed to other district; that the building did not belong to said district at the time the petition for annexation was filed with the superintendent; that said district had re-acquired the building subsequent to the first hearing before the superintendent, and prior to the final hearing and the order of the superintendent; that the building now belongs to said district.

Notwithstanding those facts the court ordered the annexation.

Our review is governed by the rule stated in Huebert v. Keen, supra, as follows:

"A writ of certiorari brings up for review the sole question of whether the inferior tribunal kept within or exceeded the jurisdiction conferred upon it by law. The writ cannot be used to correct errors of law or fact committed by an inferior tribunal within the limits of its jurisdiction."

We are not authorized to say whether the court erred in its findings of fact. And we cannot question its conclusions of law. But where the findings of fact and conclusions of law clearly show that a necessary jurisdictional element is lacking, its judgment may be reversed on certiorari.

The plain intention of the Legislature as expressed in the statutory provision, supra, was to prohibit the detachment of that portion of the territory of a district having a schoolhouse thereon and the annexation thereof to another district without regard to the balance of the territory remaining in the former district. This case falls squarely within the provision, and the attempted annexation was positively prohibited thereby, and the matter is one of jurisdiction or power to order annexation.

However, we may say here that such schoolhouse must belong to the district at the time of annexation if the attempted annexation is to fall within the prohibitory clause, or, at least, the district should have the right of occupancy and use thereof for school purposes.

The court found that only a portion of the territory of the district was sought to be annexed, and that a schoolhouse belonging to the district was then located on said portion. Whether the court was correct in its holding in that respect we are not permitted to say; we must consider it as correct. It only remains for us to say that the court was without power to order the annexation.

The record is therefore remitted to the district court, with directions to dismiss the proceedings.

WELCH, C. J., CORN V. C. J., and RILEY, BAYLESS, and DAVISON, JJ., concur. OSBORN, HURST, and ARNOLD, JJ., absent.