McCOY et al. v. HALL, Dist. Judge, et al.

No. 31000. Sept. 29, 1942.

*131 P. 2d 60.*

F. L. Welch, of Antlers, for petitioners.

A. G. Windham, of Poteau, for respondents.

GIBSON, J. This matter is here on certiorari, heretofore granted, to review the judgment of the district court of Latimer county rendered on appeal from an order of the county superintendent rendered in a school district annexation case arising under 70 O. S. 1941 §§ 890.1-890.8.

The proceedings involve the proposed annexation of joint school district No. 41, located in Latimer and Pushmataha counties, to union graded school district No. 3, located in Latimer county.

A petition for the annexation bearing the required number of signatures of

electors as provided by the statute was presented to the county superintendent, who ordered the annexation after giving the statutory notice (sec. 890.2). Thereupon an appeal was taken to the district court by a sufficient number of the qualified electors to obtain a review of the superintendent's order (sec. 890.2).

The appellants aforesaid, who are the petitioners herein, charged that the petition for annexation was insufficient under the law to confer jurisdiction upon the superintendent to order the annexation in that a majority of the signatures subscribed thereto were procured by misrepresentations of a specified nature made by the circulators of the petition; that by said misrepresentations the electors were led to believe that they were signing a petition to save their school district, not to annex it to another and thereby abolish their own. It was charged that said petition without the signatures of the parties so misled did not bear a sufficient number of signatures as required by the statute, and was therefore insufficient to confer jurisdiction of the proceedings on the superintendent. It is insisted that the statute contemplates the free and voluntary act of the electors in signing such petitions; that the signers were misled and overreached in this instance by parties upon whom they were entitled to rely.

In the district court testimony was heard on the issue of misrepresentations, but the court subsequently decided that evidence could not be heard on appeal, that the review was limited to the face of the record brought up from the superintendent, the petition, notices, and order. As reflected by the special findings of fact and conclusions of law made at the request of petitioners, the court was of the opinion that, since the petition contained the requisite number of signatures, the court under its limited jurisdiction could only say that it was sufficient in that respect, and that extrinsic evidence of fraud or misrepresentation in procuring the signatures could not be received.

We are asked here to determine as the principal question in this case whether the trial court exceeded its jurisdiction in sustaining the order of the superintendent without regard to the allegations and proof challenging the validity of the signatures on the petition for misrepresentation practiced on the signers.

Certiorari is the proper process for review of judgments in cases of this character. Huebert v. Keen, 190 Okla. 655, 127 P. 2d 180; Consolidated School Dist. No. C-41 v. Keen, 191 Okla. 188, 127 P. 2d 184. And the review is limited to the question whether the district court kept within or exceeded the jurisdiction conferred on it by law. The rule is stated in the two cases last cited as follows:

"A writ of certiorari brings up for review the sole question of whether the inferior tribunal kept within or exceeded the jurisdiction conferred upon it by law. The writ cannot be used to correct errors of law or fact committed by an inferior tribunal within the limits of its jurisdiction."

The jurisdiction of the district court is limited by statute, as follows:

"The jurisdiction of the district court shall be limited, however, to the determination of whether the provisions of this act have been substantially complied with."

In Huebert v. Keen, supra, when considering the duties of the district court under the above provision, we said:

"The court must review the whole record, including the final order, and may consider any proper evidence offered, in order to ascertain whether all parties concerned, including the superintendent, have substantially complied with the act; and in determining that question the functions of the court are wholly judicial in character."

And we there held as follows:

"On appeal to district court from an order of the county superintendent of public instruction sustaining or denying a petition for the annexation of territory to a school district as provided by

Senate Bill No. 81, Title 70, ch. 24, S. L. 1941, 70 O. S. 1941 §§ 890.1 to 890.8, the functions of the court are to review the whole record and to consider any proper evidence offered by the parties, and to make judicial determination of the question whether the act was substantially complied with, and to affirm or vacate the order as the circumstances may require, or to render such order as the superintendent should have made in the first instance."

A petition for annexation must be in substantial compliance with the statute as to form and contents in order to invoke the power of the superintendent to order the annexation. The petition sets in motion the entire proceedings, and a petition void on its face, or the failure to file one, would constitute a jurisdictional defect and deprive the superintendent or the court on appeal of the power to order annexation. See Huebert v. Keen, supra. Unless the petition, or some other portion of the proceedings, is void on its face, the order of the superintendent becomes final on failure to appeal. Id.

However, where appeal is taken in due time, as was done here, the district court may consider any proper evidence in order to ascertain whether all parties concerned, including the superintendent, have substantially complied with the statute. Where the petition is challenged, the court should test its validity by any proper evidence offered, for the challenge of the validity of the petition is a direct challenge of the power of the superintendent and the jurisdiction of the court to order annexation.

In order to be valid the petition must bear the required number of signatures of qualified electors, subscribed voluntarily, without misrepresentation on the part of the one obtaining the same, and free from mistakes. When the validity of the signatures is properly challenged, and competent evidence offered on the issue, the court should determine the question. It is one of jurisdiction; and where the court affirms the order of annexation without first determining the validity of the petition when prop-

erly challenged, it exceeds its jurisdiction. Such was the case here.

On request of counsel the court made special findings of fact for the benefit of the record. In effect, it was found that the signers of the petition were in all probability misled and induced to sign something they know nothing about. Petitioners take the position that this finding was a direct determination of the issue questioning the legality of the signatures in their favor, and that by reason thereof a reversal of the judgment, and remand with directions to vacate the superintendent's order, would be proper in this proceeding. But on reviews of this character we are not concerned with the decision of the trial court on issues of fact even though such issues determine the jurisdiction.

The judgment of the district court is reversed and the cause is remanded to the trial court for proceedings not inconsistent with the views herein expressed.

RILEY, OSBORN, BAYLESS, HURST, and DAVISON, JJ., concur. WELCH, C. J., CORN, V. C. J., and ARNOLD, J., absent.