DAVIS et al. v. ROBERTSON, County Judge.

No. 34468. Oct. 30, 1951.

*237 P. 2d 152.*

242

F. J. Lucas, Tulsa, for plaintiff in error.

Bradford M. Risinger, Sand Springs, for defendant in error.

PER CURIAM. The plaintiffs in error were the plaintiffs below and the defendant in error was the defendant. The parties will be referred to herein as they appeared in the district court.

On December 18, 1948, plaintiffs filed a petition in the county court of Wagoner county for the adoption of Linda Dean Smith, a minor, the natural parents of said minor gave their consent to the adoption, and a decree of adoption entered on said date.

On January 8, 1949, the natural mother of said minor filed a motion to vacate the decree of adoption of said minor to the plaintiffs in error on the ground that the petitioners were, at the time of said adoption, residents of Tulsa county, and the decree therefore was void for want of jurisdiction.

On January 22, 1949, the defendant in error, as county judge of Wagoner county, held a hearing on said motion to vacate said adoption decree, and, on said date, vacated the decree of adoption.

Thereafter, on March 8, 1949, plaintiffs filed a petition for writ of certiorari in the district court of Wagoner county for a review of the action of the county court of Wagoner county. After a hearing thereon on August 13, 1949, the district court of Wagoner county entered an order holding that under our Constitution the district court did not have jurisdiction to issue a writ of certiorari to the county court and enjoin it from exceeding its jurisdiction and accordingly dismissed the plaintiff's action for want of jurisdiction. Plaintiffs appeal.

The controlling question to be decided is whether the plaintiffs are entitled to review, by means of certiorari in the district court, the action of the county judge in an adoption matter.

It is correctly conceded that there is no appeal from the action of the county court in adoption proceedings.

Section 2, of article VII, of the Constitution of the State of Oklahoma, provides:

"The original jurisdiction of the Supreme Court shall extend to a general superintending control over all inferior Courts. . . . shall have power to issue writs of . . . certiorari . . . and to hear and determine the same."

Certiorari is a supervisory writ and brings up for review only the question of whether the inferior tribunal kept within or exceeded its jurisdiction. Walker v. Womack, 181 Okla. 34, 72 P. 2d 510.

Section 10, of Article VII, of our Constitution, provides:

"The District Courts . . . shall have the power to issue writs of . . . certiorari . . . remedial or otherwise, necessary or proper to carry into effect their orders, judgments, or decrees."

The Supreme Court of Oklahoma under the Constitution is vested with the exclusive superintending power over all inferior courts. The authority of the district court to issue writs of certiorari does not extend to the superintending authority over the county court to prevent the county court from proceeding out of its jurisdiction in an adoption matter. Only the Supreme Court would have this authority.

Having reached this conclusion, it is therefore unnecessary to pass upon the validity of the order of the county court vacating the decree of adoption upon the motion of the natural mother filed after the expiration of the term of court in which the decree of adoption was entered.

Affirmed.

This Court acknowledged the services of Attorneys Dan Mitchell, Harry O. Glasser, and H. H. McKeever, who as Special Masters aided in the preparation of this opinion. These attorneys were recommended by the Oklahoma Bar Association, approved by the Judicial Council, and appointed by the Court.