Howard EDWARDS, for himself and the other qualified electors in Independent School District No. 22, Jefferson County, Oklahoma, Plaintiff in Error,

v.

Frazier PIERCE, County Superintendent of Schools of Jefferson County, Oklahoma, Defendant in Error.

Nos. 39758, 39762.

Supreme Court of Oklahoma.

Sept. 18, 1962.

George W. Moser, Comanche, J. G. Clift, Duncan, for plaintiff in error.

Red Ivy, E. B. Anderson, Waurika, for defendant in error.

DAVISON, Justice.

The above styled and numbered appeals are so closely related that they are consolidated for decision by this court.

In No. 39758 Howard Edwards (plaintiff below) appeals from a judgment rendered June 26, 1961, refusing to mandamus Frazier Pierce, Superintendent of Schools, Jefferson County, to hold an election on a petition to annex a portion of Independent School District No. 22, Jefferson County, to Independent School District No. 2, Stephens County. This will be referred to as the mandamus action.

In No. 39762 Howard Edwards (plaintiff below) appeals from a judgment rendered July 7, 1961, refusing to enjoin Frazier

Pierce, County Superintendent of Schools, from holding an election on a petition to annex all of said District No. 22 to Independent School District No. 23, Jefferson County. However, the trial court did continue in force a temporary restraining order until the determination of this appeal. This will be referred to as the injunction action.

School District No. 22 is located between School District No. 2, on the north, and School District No. 23, on the south.

The procedural provisions and requirements for such petitions and elections are found in 70 O.S.1961 § 7-1. The applicable portion thereof provides that all or part of a school district may be annexed to another school district, when approved at an annexation election called and conducted by the county superintendent, upon petition signed by a majority of the school district electors in the territory proposed to be annexed.

We will first dispose of the appeal in the mandamus action (No. 39758). The record reflects that on June 14, 1961, plaintiff and others petitioned the defendant County Superintendent asking that an election be held for the annexation of a portion of District No. 22 to District No. 2. The defendant refused to call an annexation election on the ground that, after eliminating withdrawn signatures and names of unqualified persons, a majority of electors had not signed the petition. Plaintiff then filed the mandamus action on June 19, 1961. The trial court after a full hearing denied mandamus.

■ In Grady v. Marshall, Okl., 288 P. 2d 1101, we stated:

"In the absence of a valid petition signed by a majority of the qualified electors of a school district or area affected, the County Superintendent of Schools is without authority of law to call an election for changing the boundaries of a school district or annexing one district to two or more adjoining districts. The County Superintendent has the authority and duty to determine the validity of such petition."

■ The question is whether the trial judge was correct in determining that the petition for the election lacked the signatures of a majority of the electors in the territory proposed to be annexed. The petition for the election had 76 signatures. Upon consideration of all the evidence the trial court found that 7 persons had withdrawn their signatures from the petition prior to action thereon by defendant; that one of the signing parties (Lupe Rodriquez) was not an elector in the affected area; and that the signatures of two persons were invalid because they were subscribed by other parties. The trial judge found the petition for election was validly signed by 66 electors.

Plaintiff argues the parties who withdrew their signatures were confused as between the instant petition and another and different petition. This argument is based purely on speculation. There is no evidence to support such contention. Regarding Lupe Rodriquez, the evidence was that he had periodically worked on a ranch in the area for several years, but otherwise resided without the area and in other parts of Oklahoma and in Texas. He was present at the trial but was not called to testify. We cannot say that the court's finding in this respect was against the clear weight of the evidence.

■ Plaintiff also complains of the rejection or disqualification of two signatures to the petition. The evidence in support thereof was the testimony of an officer of a local bank, who was qualified as experienced in comparison of signatures, that these two signatures were written by certain other subscribers to the petition. No objection was made to the introduction of this testimony and no contrary evidence was produced by plaintiff. We conclude the evidence amply supports the rejection of these two signatures.

We will now consider the correctness of the lower court's determination of the number of school district electors within the area proposed to be annexed whereby the court concluded that the petition was not signed by a majority of such electors. We

note at this point that since the number of valid signers to the petition has been determined to be 66, then in order to have a majority of the electors' signatures, as required by the above cited statute, the total number of electors must be less than 132. The parties stipulated that a certain 130 persons were qualified electors in the affected area. In said stipulation the defendant reserved the right to introduce evidence as to other and additional qualified electors. The defendant introduced evidence to show the existence of additional electors. As a result of this proof the trial court found there were 5 additional electors, not covered by the stipulation, or a total of 135 residing in the area. Two of this number were Velma Roberts and her daughter Ruth Zachery. These parties lived together and in fact Velma Roberts had taught school for several years in the district school. From our examination of the record we believe the evidence amply supports the trial court's finding that these two parties were electors. The inclusion of these parties brings the number of electors to 132 and shows that the number of signers to the petition did not constitute a majority of the electors. There is no need to determine the correctness of the court's finding that the other 3 additional persons were electors.

The judgment of the trial court denying mandamus is not contrary to the clear weight of the evidence and is affirmed.

We will now dispose of the appeal in the injunction action (No. 39762). The record reflects that on June 19, 1961, there was filed with defendant school superintendent a petition of school district electors for an annexation election on the proposition of annexing all of School District No. 22 to School District No. 23. The petition continued to pend during the proceedings and trial in the mandamus action and until after the judgment in the mandamus action on June 26, 1961. On or about June 27, 1961, defendant approved the petition and called an election for July 10, 1961. Plaintiff then filed his suit to enjoin the election

alleging the above facts and claiming the mandamus action and appeal should be determined before the election was held; and that the petition for the annexation election was insufficient for lack of valid signatures. At the trial all of the above facts and allegations were admitted except those concerning the sufficiency of the petition for election. The plaintiff then withdrew the allegations relative to the validity of the petition for lack of sufficient and valid signatures, stating that the same allegations were re-stated in another case, No. 9991, and that the plaintiff thought that the proper way to raise the question was the method in which it was raised in case No. 9991. The court then denied the injunction but continued a temporary restraining order issued against the election until the determination of an appeal.

Under these facts the matter of the validity and sufficiency of the petition for an annexation election is not presented since plaintiff withdrew such claim. The question of whether the pendency of the mandamus action and the existence of the petition for election therein involved entitled plaintiff to enjoin the second election need not be determined. That question is now moot since we have affirmed the lower court's judgment denying mandamus on the ground that the petition for election involved therein was invalid.

It appears that the plaintiff prays that if the judgment denying injunction is affirmed that plaintiff be permitted to present evidence on his protest in cause No. 9991 before any ruling is made as to the sufficiency of the petition for election. We do not have the petition or pleadings in cause No. 9991 before us and the record is silent as to the contents and prayer in the alleged case No. 9991.

Plaintiff urges that the petition for election that was the subject of the injunction action was invalid because part of the circulation thereof occurred on Sunday. This issue was not raised by the pleadings and was not presented to the trial court. In

Vitale v. Dunnett, Okl., 365 P.2d 122, we stated:

> "Matters not presented nor considered by a trial court will not be considered by this Court on appeal."

The judgment of the lower court denying injunction is affirmed.