In the Matter of the Appeal from an Order of the County Superintendent Declaring the Annexation of all of HICKORY SCHOOL DISTRICT D–3 to Sulphur School District Number I, MURRAY COUNTY, Oklahoma.

Joe KING, Plaintiff,

v.

Oscar HUFFINES, County Superintendent of Schools of Murray County, Oklahoma, Defendant,

Board of Education, Sulphur School District No. I, Murray County, Oklahoma, Intervenor,

Honorable Joe Thompson, Defendant,

Oscar Huffines, Respondent.

No. 43073.

Supreme Court of Oklahoma.

April 8, 1969.

As Corrected May 19, 1969.

Rehearing Denied May 20, 1969.

Reed & Hurst, Sulphur, for petitioner and Board of Education, Sulphur School District No. 1, Murray County, Oklahoma.

Joseph M. Culp, Fischl, Culp & Mc-Millin, Ardmore, for respondent.

BERRY, Vice Chief Justice.

This cause originated as a proceeding for extraordinary relief by issuance of writ of prohibition against respondent judge proceeding further in a pending cause. Further relief by enjoining the county superintendent (Huffines) from holding a school district annexation election also was sought. Application for special relief was denied. However, transcript of the district court proceedings, involving appeal from annexation order, was directed to be filed and the matter briefed for presentation.

Under circumstances discussed hereafter, two petitions were filed April 2, 1968, seeking annexation of Hickory School District # 3. One petition, signed by the legal voters of a portion of Hickory district, sought annexation to Roff School District I-37 and bore approval of a majority of the school board members. The second petition, purportedly signed by 62 persons of 116 registered voters, proposed annexation of Hickory district to Sulphur School District # 1. In point of time the petitions were nearly contemporaneous, that of Sulphur preceding the Hickory petition by approximately one hour.

The county superintendent considered and approved the Sulphur petition without reference to that of Hickory. As no issue is made on this aspect of the case, this handling of the petitions does not require further comment. The election ordered and the superintendent entered an order upon Sulphur's petition favored annexation annexing the entire Hickory district. Plaintiff then appealed this order of annexation to the district court.

Motion to dismiss the appeal was filed, asserting neither protest nor objection had been entered prior to election, and the superintendent's determination as to sufficiency of the petition and the order of the election based thereon, were conclusive against all objections initially raised on appeal. Upon trial (May 28, 1968) the court declined to hear such motion prior to hearing upon the merits, and overruled objection to introduction of any evidence.

After full hearing concerning circularization, execution and filing, the trial court entered judgment holding null and void the annexation election based upon the Sulphur petition. Subsequent to overruling motion for new trial Sulphur School District # 1 was allowed to intervene. The present matter primarily concerns Sulphur School District, and the controversy involves the correctness of the trial court's judgment which canceled results of the annexation election.

Since other matters are dispositive of the issue, we do not consider arguments relative to intervenor's standing to raise issues concerning the district court appeal. Neither do we express opinion concerning what procedure should be followed for consideration and determination of separate, but contemporaneous, annexation petitions such as here involved. The statute, 70 O.S. 1961, § 7-1(b) provides for approval of an annexation petition when a majority of members of the board of education of the district losing the territory concur, and only legal voters of the affected area are eligible to vote. Whether the Hickory petition properly could be treated as a protest under circumstances here disclosed need not be determined.

Intervenor argues absence of protest or objection against either the petition or election makes the superintendent's determination as to sufficiency of the petition conclusive against all objections initially made on appeal to the district court. Basis for the argument and conclusion appears in Roach v. Powers, Co. Supt., etc., Okl., 384 P.2d 49. That decision states that objections to annexation come too late when first raised on appeal to the district court. And, absent challenge to validity of a petition, the county superintendent's determination as to sufficiency to warrant calling an election " * * * is conclusive as

against all objections initially made on appeal from an order of the county superintendent declaring the annexation in conformity with the results of the election."

 Two reasons preclude acceptance of full import of the quoted language as applicable and controlling in every instance. Initially it is observed this rule has been applied only in cases involving determination as to sufficiency of a single petition. Secondly, the most uninitiated easily can envision situations connected with circularization of petitions and calling of elections where no effective protest could be made or relief obtained prior to a district court appeal. In judicial investigations the law requires opportunity for trial, and there can be no trial if only one party has opportunity to produce his proof. Wilson v. Wood, 10 Okl. 279, 61 P. 1045. Further, any legislative effort to make a stated fact conclusive as to both propriety and verity of another fact constitutes denial of due process. Taylor v. Anderson, 40 Okl. 316, 137 P. 1183, 51 L.R.A.,N.S., 731.

Decisions determined under statutes in effect prior to the present school code always recognized "sufficiency" of an annexation petition presented a jurisdictional question. Lack of sufficient signatures made a petition void upon its face, ineffective to invoke the superintendent's authority to call an election, and any order (of annexation) implementing the results of that election was a nullity and void. This principle was reiterated forcefully in Littlefield v. Howery, Okl., 266 P.2d 957, 959. Most recently in Caddo Ind. S. D., etc. v. Sampson et al., Okl., 447 P.2d 765, once again it was pointed out that a valid and sufficient petition is a jurisdictional prerequisite to consideration of the matter presented by the annexation petition. In Howery, supra, among authorities supporting this principle, we cited McCoy v. Hall, District Judge, 191 Okl. 311, 131 P.2d 60, a case decided under the statutes, 70 O.S.1941 § 890.1 et seq., then existing, and somewhat different from the appeal provisions of our present code, supra.

 Those statutes involved in McCoy, supra, provided for annexation of school districts upon petition to the county superintendent, and appeal from the superintendent's order to the district court where, after determination whether there had been compliance with provisions governing annexation, the court's judgment became final. Sufficiency of the petition was attacked upon the grounds of misrepresentations by circulators of the petition, and that without signatures of those persons actively misled the petition was insufficient to confer jurisdiction of the proceedings upon the superintendent. The trial court found that signers of the petition had been misled. However, the trial court decided this evidence could not be determinative on appeal, since on review the court was limited to consideration of the face of the record only. In granting certiorari and remanding the cause for further proceedings we said:

"However, where appeal is taken in due time, as was done here, the district court may consider any proper evidence in order to ascertain whether all parties concerned, including the superintendent, have substantially complied with the statute. Where the petition is challenged the court should test its validity by any proper evidence offered, for the challenge of the validity of the petition is a direct challenge of the power of the superintendent and the jurisdiction of the court to order annexation.

"In order to be valid the petition must bear the required number of signatures of qualified electors, subscribed voluntarily, without misrepresentation on the part of the one obtaining the same, and free from mistake. When the validity of the signatures is properly challenged, and competent evidence offered on the issue, the court should determine the question. It is one of jurisdiction; and where the court affirms the order of annexation without first determining the validity of the petition when properly challenged, it exceeds its jurisdiction. * * *"

Our more recent decisions reflect continued adherence to the principle that, absent

a valid petition, the county superintendent is without authority of law to call an annexation election. Edwards v. Pierce, Okl., 376 P.2d 269.

We do not ascribe that finality to the language in Roach, supra, which intervenor's insist must apply. A valid petition is a jurisdictional prerequisite for the county superintendent's exercise of statutory powers in annexation matters. Littlefield v. Howery, supra; Edwards v. Pierce, supra. If a proper appeal concerns only those matters appearing upon the superintendent's record then due process can be denied by the act of a public officer acting in a limited, quasi-judicial capacity. This could constitute the "deprivation of all remedy" mentioned in Wilson v. Wood, supra, as having no justification in principles of natural justice or constitutional law.

■■■■ We are of the opinion the language in Roach, supra, indicating that no questions initially may be raised on appeal, in absence of some protest prior to election, is too broad. This expression undoubtedly was intended to refer to technical irregularities in annexation proceedings short of jurisdictional defects. This language, of necessity, must be construed in light of the jurisdictional requirement of a valid petition to support the superintendent's exercise of statutory authority. The jurisdictional requirement neither is satisfied, nor the issue concluded merely by the superintendent's approval of the petition and declaration of result, in the election called upon authority of a petition which is defective and insufficient as a basis for exercise of authority.

■■■■ In support of the trial court's judgment we allude briefly to matters disclosed when the appeal was heard. The evidence reflected an obvious "race to the court house", with the superintendent accepting two petitions for filing outside normal business hours. When received the Sulphur petition had not been completed, but 3 pages were received on the night of April 2, 1968, "subject to filing additional copies in the morning." Then, on both April 3rd and April 4th names were added to and stricken from the petition upon request, although the petition was approved by the superintendent on the morning of April 3rd, as containing 62 registered signers from a total of 116 registered electors.

The evidence supports the conclusion of the trial court that the total number of qualified electors in Hickory School District on April 2, 1968 exceeded 124. Thus, the Sulphur petition was insufficient upon its face when approved. On succeeding days other names were placed on the petition, but during this time registration of new electors increased the total of qualified electors. Thus, if names added to the Sulphur petition after April 2nd were counted, inclusion of new electors in calculating the necessary percentage for a valid petition likewise would have increased, and the petition still would have been defective. The trial court's determination that the annexation election was void, because ordered upon basis of a defective petition was correct under the evidence.

Affirmed.

All Justices concur.